

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MARY KATE ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No: CV-09-S-1038-NE** |
| | ) | |
| **WRASER, LLC; WRASER, LLC** | ) | |
| **d/b/a WRASER** | ) | |
| **PHARMACEUTICALS; and** | ) | |
| **WRASER PHARMACEUTICALS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mary Kate Anderson, filed this case on May 27, 2009, asserting a claim against her former employer, Wraser Pharmaceuticals, for pregnancy discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA")[1] The case currently is before the court on defendant's motion for summary judgment,[2] and defendant's motion to

---

[1] *See* doc. no. 1 (Complaint). Plaintiff named several entities as defendants in the caption of her complaint: *i.e.,* WraSer, LLC; WraSer, LLC d/b/a WraSer Pharmaceuticals; and WraSer Pharmaceuticals. *See id.* at ¶ 5. The court presumes all of these entities are related. Indeed, in their brief in support of summary judgment, defendants refer to themselves collectively as "WraSer." *See* doc. no. 28 (defendant's brief), at 1 ("Pursuant to the Federal Rules of Civil Procedure, Rule 56, Defendants WraSer LLC and WraSer Pharmaceuticals (collectively 'WraSer') respectfully submit this Memorandum of Law . . . ."). Accordingly, in the remainder of this opinion, the court will do the same, referring to all defendants collectively, and in the singular, as either "WraSer" or "defendant."

[2] Doc. no. 27.

strike portions of plaintiff's deposition testimony.[3]   Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes that the motion for summary judgment is due to be denied.  The motion to strike will be denied as moot.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).  Inferences in favor of the non-moving party are not unqualified, however.  "[A]n inference is not reasonable if it is

---

[3]Doc. no. 37.

only a guess or a possibility, for such an inference is not based on the evidence, but
is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d
1321, 1324 (11th Cir. 1983).  Moreover,

> [t]he mere existence of some factual dispute will not defeat summary
> judgment unless that factual dispute is *material* to an issue affecting the
> outcome of the case.  The relevant rules of substantive law dictate the
> materiality of a disputed fact.  A genuine issue of material fact does not
> exist unless there is sufficient evidence favoring the nonmoving party
> for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis supplied).

*See also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking
"whether the evidence presents a sufficient disagreement to require submission to a
jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. DISCUSSION

In the present case, plaintiff asserts that defendant terminated her employment
because of her pregnancy, in violation of Title VII and the PDA.  Plaintiff does not
claim to have direct evidence of a pregnancy-based discriminatory animus.  Thus, she
must prove her claims with circumstantial evidence, navigating the burden-shifting
framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), and
*Texas Department of Community Affairs v. Burdine,* 450 U.S. 248 (1981).  Under this
analysis, a plaintiff must first establish a *prima facie* case of disparate treatment,

which creates a presumption of discrimination.  To rebut the presumption, the employer then must articulate a legitimate, nondiscriminatory reason for the disputed employment action.  If the employer does so, the presumption of discrimination drops from the case, and the burden shifts back to the plaintiff to show that defendant's proffered reason is merely a pretext for unlawful discrimination.  *See McDonnell Douglas,* 411 U.S. at 802-05; *Burdine,* 450 U.S. at 252-56.

To establish a *prima facie* case of pregnancy discrimination in the termination of her employment, plaintiff must show that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) the employer replaced her with someone outside her protected class, or otherwise treated similarly situated employees outside of her protected class more favorably, and (4) she was qualified to perform the duties of her job.  *See, e.g., Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001).  *See also Armstrong v. Flowers Hospital, Inc.,* 33 F.3d 1308, 1314 (11th Cir. 1994) (applying the elements of a *prima facie* claim of gender discrimination to the plaintiff's claim of pregnancy discrimination).  Defendant does not dispute that plaintiff was a member of a protected class (pregnant women) at the time of her termination, that she suffered an adverse employment action (termination), or that she was qualified to perform the duties of her job.  Defendant also does not dispute that plaintiff was replaced by Sharon Muir, a non-pregnant employee.

-4-

Defendant argues, however, that plaintiff's replacement by a non-pregnant employee cannot support a *prima facie* case of pregnancy discrimination. The court is not persuaded by defendant's argument. It is true that the Eleventh Circuit has sometimes used a formulation of the *prima facie* case that does not mention the replacement of a pregnant employee with a non-pregnant employee as a means of demonstrating that non-pregnant employees were treated more favorably than the pregnant plaintiff. *See, e.g., Spivey v. Beverly Enterprises, Inc.,* 196 F.3d 1309, 1312 (11th Cir. 1999) (holding that a pregnant employee "must meet four requirements in order to establish a prima facie case of discrimination: (1) she is a member of a group protected by Title VII; (2) she was qualified for the position or benefit sought; (3) she suffered an adverse effect on her employment; and (4) she suffered from a differential application of work or disciplinary rules"). This does not mean, however, that the alternative formulation of the *prima facie* case is wrong. To the contrary, both the Eleventh Circuit and other district courts within the circuit have either explicitly relied upon that alternative formulation, or have relied upon the employer's decision to replace a pregnant employee with a non-pregnant employee as proof that the pregnant employee was treated less favorably than non-pregnant employees. For example, in *Sampath v. Immucor,* 271 Fed. Appx. 955 (11th Cir. 2008), the Eleventh Circuit stated that "[a] prima facie case of [pregnancy] discrimination is established

when a plaintiff shows that she:  (1) was a member of a protected class, (2) was qualified for the job she held, (3) suffered an adverse employment action, and (4) suffered from a differential application of work or disciplinary rules." *Id.* at 960 n.5 (citing *Spivey,* 196 F.3d at 1312). The Court went on to note that, because the plaintiff had been replaced by a non-pregnant employee, she had established a *prima facie* case. *Id.* Furthermore, in *Brockman v. Avaya, Inc.,* 545 F. Supp. 2d 1248 (M.D. Fla. 2008), the district court also stated that the pregnant employee could establish a *prima facie* case of discrimination under Title VII and the Pregnancy Discrimination Act by showing (among other elements) that "she was treated less favorably than similarly situated employees who are not members of her protected class." *Id.* at 1252 (citation omitted).  Avaya, the employer, argued that the plaintiff could not satisfy that element of her *prima facie* case simply by showing that she had been replaced a non-pregnant woman.  In other words, Avaya argued that, as long as the pregnant plaintiff was replaced by a female after her termination, there can be no evidence of gender discrimination, even discrimination on the basis of pregnancy. The district court called Avaya's argument "specious," stating that,

> [p]ursuant to the PDA, the issue here is pregnancy, not gender.  Plaintiff was not replaced by another pregnant woman, she was replaced by a non-pregnant woman, who according to Plaintiff was treated better than Plaintiff.  Avaya fails to demonstrate that Plaintiff cannot prove her *prima facie* case.  Hence, Avaya fails to meet the summary judgment

standard.

*Id.* at 1255-56. *See also Equal Employment Opportunity Commission v. Frederick J. Hanna & Associates,* No. 1:08-CV-832-JEC, 2009 WL 2600101, at *8 (N.D. Ga. Aug. 11, 2009) ("[A] plaintiff establishes a *prima facie* case [of pregnancy discrimination] when she shows that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action such as termination; and (4) *she was replaced by a person outside of her protected class or was treated less favorably than a similarly situated individual.*") (citations omitted) (emphasis supplied).

This court agrees that a pregnant plaintiff whose employment was terminated can establish a *prima facie* case of pregnancy discrimination by showing that she was replaced by a non-pregnant employee (female or male). Plaintiff has proven this element, as well as the other elements of her *prima facie* case.[4] Accordingly, the burden shifts to defendant to articulate legitimate, non-discriminatory reasons for deciding to terminate plaintiff's employment. Defendant has done so, by asserting that plaintiff was terminated because of poor job performance. More specifically, defendant asserts that plaintiff's sales techniques were not effective, and her sales

---

[4]Because plaintiff has established that she was replaced by a non-pregnant employee, the court need not consider whether she was otherwise treated less favorably than other, non-pregnant employees.

numbers consequently were too low.

The court concludes, however, that there are genuine issues of material fact with regard to whether defendant's proffered legitimate, non-discriminatory reasons for the termination of plaintiff's employment were actually a mere pretext for pregnancy discrimination.  There is evidence in the record that plaintiff's sales territory had a history of consistently underperforming all of defendant's other territories, even *before* plaintiff took over the territory.  In fact, plaintiff testified that the sales manager who terminated her employment informed her that the district was

> just not meeting the expectations we had hoped, and he told me that he used to be a sales rep in this area, and that he knew how hard it was to penetrate the market, that it wasn't as big as some of the other towns, and I had an unfair [dis]advantage by having to build my territory and having to switch up  managers so much.[5]

 Plaintiff also was informed that WraSer "had decided that they didn't need to continue this district right now, that they had tried it before, and it didn't do really well, and they just came to the conclusion that it wasn't meeting the sales expected."[6]  Additionally, there is evidence that plaintiff's sales numbers steadily improved each month she was employed with defendant.  Despite that improvement, plaintiff's employment was terminated before the beginning of the cough and cold season,

---

[5]Doc. no. 34 (plaintiff's evidentiary submission), Exhibit 1 (Deposition of Mary Kate Anderson), at 155-56.

[6]*Id.* at 156.

which is by far the busiest season for defendant's overall sales.  Therefore, plaintiff was not given the opportunity to prove that she could improve her sales performance during the busy season.  Importantly, plaintiff was never told, at or prior to her termination, that deficiencies in her own sales technique, and not the history of underperformance for the district in general, were the reason for her low sales numbers.  Inconsistencies in the employer's reasoning can constitute evidence of pretext. *See Bechtel Construction Co. v. Secretary of Labor*, 50 F.3d 916, 935 (11th Cir. 1995).

Finally, plaintiff's employment was terminated within about one month of the date on which she informed WraSer that she was pregnant.  While the close temporal proximity between defendant's learning of plaintiff's pregnancy and its decision to terminate her employment is not necessarily sufficient, standing alone, to demonstrate pretext, it can be considered along with the other evidence of record.  *See, e.g., Hurlbert v. St. Mary's Health Care System, Inc.,* 439 F.3d 1286, 1298 (11th Cir. 2006) (holding that a two-week gap between the plaintiff's request for leave and his subsequent termination was "evidence of pretext, though probably insufficient to establish pretext by itself") (citing *Wascura v. City of South Miami*, 257 F.3d 1238, 1244-45 (11th Cir.2001) (holding that a three and one-half month period between employee's protected activity and her termination was, *standing alone*, insufficient

to establish pretext)).

### III. CONCLUSION AND ORDERS

In summary, considering the evidence as a whole, and in the light most favorable to plaintiff, plaintiff has established a *prima facie* case of pregnancy discrimination, and she also has demonstrated a genuine issue of material fact with regard to whether defendant's proffered legitimate, non-discriminatory reasons for the termination of her employment actually were a pretext for pregnancy-based discrimination. Accordingly, defendant's motion for summary judgment is DENIED. Because the court did not have to consider the contested portions of plaintiff's deposition in ruling on the motion for summary judgment, defendant's motion to strike is DENIED as moot.

Further, the court is of the opinion that this dispute could be resolved through mediation. Therefore, it is ORDERED that the parties select a mediator on or before **September 9, 2010**, and proceed to mediation in accordance with this court's Alternative Dispute Resolution Plan. Should the parties fail to agree upon a mediator within the time set forth herein, the court will select a mediator from its panel of neutrals. The parties are directed to inform the court of the name, address, and telephone number of the mediator, as well as the date for mediation. **Mediation must occur on or before September 27, 2010.**

DONE and ORDERED this 26th day of August, 2010.

United States District Judge